IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHAD BRACKEEN, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-cv-00868-O |
| | § | |
| RYAN ZINKE, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| CHEROKEE NATION, et al., | § | |
| | § | |
| Intervenors-Defendants, | § | |
| | § | |
| NAVAJO NATION, | § | |
| | § | |
| Proposed Intervenor-Defendant. | § | |

**ORDER**

Before the Court are Proposed Intervenor-Defendant Navajo Nation's Motion to Intervene as Defendants for the Limited Purpose of Seeking Dismissal Pursuant to Rule 19 (ECF No. 77), filed April 26, 2018; Plaintiffs' Response (ECF No. 87), filed May 3, 3018; and the Navajo Nation's Reply (ECF No. 89), filed May 15, 2018.

The motion is ripe for review. Having considered the motion, briefing, and applicable law, the Court finds that Proposed Intervenor-Defendant Navajo Nation's (the "Proposed Intervenor") Motion to Intervene (ECF No. 77) should be and is hereby **DENIED** for the reasons stated below.

**I.   BACKGROUND**

Proposed Intervenor seeks to intervene as a defendant in this case under Federal Rule of Civil Procedure 24(a)(2), arguing that it meets the standard for intervention as a matter of right,

and alternatively, it moves for permissive intervention under Federal Rule of Civil Procedure 24(b). Plaintiffs in this case are three couples and an individual—the Brackeens, the Librettis, the Cliffords, and Altagracia Socorro Hernandez (together the "Individual Plaintiffs")—who have adopted or who seek to adopt an Indian child as defined by the ICWA, as well as the states of Texas, Louisiana, and Indiana (together the "State Plaintiffs"). Am. Compl. ¶¶ 19–26, ECF No. 35. Defendants are the United States of America, Ryan Zinke as Secretary of the Interior, Brian Rice as Director of the Bureau of Indian Affairs, John Tahsuda III as Acting Assistant Secretary for Indian Affairs, the Bureau of Indian Affairs, the Department of the Interior, Alex Azar as the Secretary of the Department of Health and Human Services, and the Department of Health and Human Services ("HHS") (collectively "Federal Defendants"), and the Intervenor-Defendants are the Cherokee Nation, Morongo Band of Mission Indians, Oneida Nation, and the Quinalt Indian Nation (together the "Tribal Defendants"). *Id*. ¶¶ 27–34; *see* March 28, 2018 Order, ECF No. 45 (granting unopposed motion to intervene on behalf of the Tribal Defendants).

All Plaintiffs allege that the Final Rule violates the Administrative Procedures Act ("APA") as not in accordance with law (Counts One and Five); that §§ 1901–1923 and 1951–1952 of ICWA violate the Commerce Clause of Article I of the Constitution (Count Two). Am. Compl. ¶¶ 247–265, 266–281, ECF No. 35. They allege that certain provisions of ICWA, the Final Rule, and 42 U.S.C. §§ 622(b)(9) and 677(b)(3)(G) of the Social Security Act violate the Tenth Amendment (Count Three), *id*. ¶¶ 282–323; and that ICWA's adoptive preferences and provisions providing for *vacatur* in the event of fraud and duress violate the Equal Protection Clause of the Fifth Amendment (Count Four). *Id*. ¶¶ 324–338. Individual Plaintiffs allege that ICWA's placement preferences violate their substantive due process rights under the Fifth Amendment to an intimate familial relationship with the Indian children they foster (Count Six). *Id*. ¶¶ 350–367.

2

State Plaintiffs further allege that certain provisions of ICWA and the Final Rule are legislative delegations in violation of Article I's vesting clause (Count Seven). *Id*. ¶¶ 368–376.

Proposed Intervenor is a federally recognized tribe and seeks to intervene as of right or, alternatively, to intervene permissively, for the limited purpose of filing a motion to dismiss under Rule 19 for failure to join a necessary and indispensable party. Navajo Mot. Intervene 3, ECF No. 77. The Brackeen's adoptive child, A.L.M., is a member of the Cherokee and Navajo Nations, confirmed in the membership rolls of the Navajo after Plaintiffs initiated this cause of action. Proposed Intervenor claims an interest in this case based on A.L.M.'s relation to the Navajo Nation. *Id.* 6–7.

## II. LEGAL STANDARD

### A. Intervention as a Matter of Right (Rule 24(a))

Rule 24 of the Federal Rules of Civil Procedure governs intervention. Rule 24(a) provides that "[o]n timely motion, the court *must* permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a) (emphasis added). Accordingly, to intervene as of right under Rule 24(a)(2), the Fifth Circuit requires that: (1) the application be timely; (2) the applicant have an interest relating to the property or transaction that is the subject of the action; (3) the applicant be so situated that the disposition may, as a practical matter, impair or impede its ability to protect that interest; and (4) the existing parties inadequately represent the applicant's interest. *Haspel & Davis Milling & Planting Co. Ltd. v. Bd. of Levee Comm'rs of the Orleans Levee Dist. & State of La.*, 493 F.3d 570, 578 (5th Cir.

2007). "Failure to satisfy any one requirement precludes intervention of right." *Haspel & Davis*, 493 F.3d at 578; *see also Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

### B. Permissive Intervention (Rule 24(b))

Rule 24(b) provides that "[o]n timely motion, the court *may* permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b) (emphasis added). Accordingly, permissive intervention "is wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987). Intervention is appropriate when: "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *Frazier v. Wireline Solutions, LLC*, No. C-10-3, 2010 WL 2352058, at *4 (S.D. Tex. June 10, 2010); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 229 F.R.D. 126, 131 (S.D. Tex. 2005).

## III. ANALYSIS

Proposed Intervenor argues that it has met its burden to intervene as a matter of right under Rule 24(a), and, in the alternative, that the Court should permit it to intervene under Rule 24(b). Navajo Br. Supp. Mot. Intervene [hereinafter Navajo Br.] 4, ECF No. 78. Plaintiffs maintain that Proposed Intervenor has failed to carry its burden under either standard. Pls.' Resp. Mot. Intervene 2, ECF No. 87.

### A. Intervention as a Matter of Right (Rule 24(a))

Applying the *Frazier* factors listed above, the Court finds, first, that the motion to intervene is timely. The Court has not yet decided Defendants' motion to dismiss and Plaintiffs' motion for

4

summary judgment. The case is still in its early stages and Plaintiffs do not contest timeliness. Pls.' Resp. Mot. Intervene 3–4, ECF No. 87 (contesting that Proposed Intervenor met its burden to show inadequacy of representation); Navajo Br. 4–5, ECF No. 78. Second, the Court finds that Proposed Intervenor has an interest in the outcome case. Proposed Intervenor claims an interest in its member children generally, as well as a specific interest in A.L.M. Navajo Br. 6, ECF No. 78. Additionally, the Proposed Intervenor claims that it is an "intended [beneficiary] of the challenged federal policy." *Id.* The Fifth Circuit has held that an intended beneficiary may satisfy the "interest" requirement of Rule 24. *Texas v. United States*, 805 F.3d 653, 660 (5th Cir. 2015).

The key issue in adjudicating the instant Rule 24(a) motion is the final element: whether the existing parties adequately represent Proposed Intervenor's interests. *Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014). Proposed Intervenor argues that this requirement is a "minimal" one, and that its burden is satisfied by showing that it: (1) "has specific interests in this suit that are narrower than, and unique from, the interests of the existing parties;" (2) the Federal Defendants have an additional—and competing—interest in maintaining federal government's working relationship with the States; (3) the Federal Defendants failed to raise an argument that tribal membership is a political, not a racial, classification;[1] and (4) Proposed Intervenor has an interest in making sure its tribal enrollment requirements are upheld as constitutional. Navajo Br. 10–11, ECF No. 78. The burden of establishing inadequate representation is on the applicant for intervention. *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996). However, the applicant "need not show that the representation by existing parties will be, for certain, inadequate." 6 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 24.03[4][a][i] (3d ed.

---

[1] While filed after this motion, the Federal Defendants do make the argument that tribal membership under the ICWA is a political not a racial classification in their response to Plaintiffs' motion for summary judgment. *See* Fed. Defs.' Br. Supp. Resp. Indiv. Pls.' Mot. Summ. J. 11–16, ECF No. 123.

2013). Instead, "the Rule is satisfied if the applicant shows that the representation of his interest 'may be' inadequate." *Trbovich v. United Mine Workers of America, et al.*, 404 U.S. 528, 538 n.10 (1972); *see also* WRIGHT & MILLER, 7C FED. PRAC. & PROC. CIV. § 1909 (3d ed.) ("[T]he rule is satisfied if there is a serious possibility that the representation may be inadequate . . . .").

Although the Fifth Circuit has characterized the intervenor's burden as "minimal," *Edwards,* 78 F.3d at 1005, "it cannot be treated as so minimal as to write the requirement completely out of the rule." *Cajun Elec. Power Co–op., Inc. v. Gulf States Utilities, Inc.*, 940 F.2d 117, 120 (5th Cir. 1991) (internal quotation marks omitted); *see Veasey v. Perry,* 577 Fed. App'x 261, 263 (5th Cir. 2014) ("[T]his requirement must have some teeth."). Accordingly, Fifth Circuit "jurisprudence has created two presumptions of adequate representation" that intervenors must overcome in appropriate cases. *Edwards*, 78 F.3d at 1005. One presumption arises when "the would-be intervenor has the same ultimate objective as a party to the lawsuit." *Id.* Another presumption arises "when the putative representative is a governmental body or officer charged by law with representing the interests of the [intervenor]." *Id.* If the "same ultimate objective" presumption applies, "the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption." *Id.* Similarly, if the government-representative presumption applies, the intervenor must show "that its interest is in fact different from that of the [governmental entity] and that the interest will not be represented by [it]." *Id.* (alterations in original) (internal quotation marks omitted). *Texas*, 805 F.3d at 661–62.

Proposed Intervenor argues that it "has specified the 'particular ways in which its interests diverge'" from the Federal Defendants to overcome the presumption of adequate representation by a party with the same ultimate objective. *Id.* at 16 (quoting *Texas*, 805 F.3d at 663). Proposed Intervenor argues that the Federal Defendants must necessarily represent the "broad public

interest." Navajo's Br. 11–12, ECF No. 78. The Fifth Circuit has previously ruled that this type of abstract argument is insufficient to satisfy Rule 24(a). *See Texas*, 805 F.3d at 663 (citing *Daggett v. Comm'n of Governmental Ethics & Election Practices*, 172 F.3d 104, 112 (1st Cir. 1999)). Here, Proposed Intervenor shares the same ultimate objectives as current Defendants—namely, a declaration from this Court that the ICWA is constitutional and that its implementing regulations do not violate the non-delegation doctrine. Proposed Intervenor demonstrated no adversity of interest, collusion, or nonfeasance. As of this date, the current Defendants have taken no action inconsistent with Proposed Intervenor's objective to demonstrate the constitutionality of the ICWA. *See* Defs.' Mot. Dismiss, ECF No. 56 (moving to dismiss based on lack of standing).

In a similar case from the District of Arizona, the district court denied intervention as of right, holding that while the Navajo Nation and the other tribe moving for intervention had "a particular interest in maintaining its relationship with its individual members who are named as plaintiffs, their interest in protecting the tribal-child relationship for every Indian child is shared by the governmental defendants." *A.D. v. Washburn*, 2016 WL 5464582, at *7 (D. Ariz. Sept. 29, 2016); *See* 25 U.S.C. § 1901 (finding "that Congress, through statutes, treaties, and the general course of dealing with Indian tribes, has assumed the responsibility for the protection and preservation of Indian tribes and their resources," and that the children of these tribes are one of their most precious resources). The Arizona court found that the proposed intervenors in that case had not carried their burden to show inadequate representation. *A.D.*, 2016 WL 5464582, at *7.[2]

---

[2] In *A.D.*, the children were named Plaintiffs, giving the Indian tribes arguably a stronger interest in the case than here, where the proposed adoptive parents and states are the named plaintiffs claiming an injury. 2d Am. Compl. ¶¶ 19–22, ECF No. 35; *A.D.*, 2016 WL 5464582, at *7 (granting permissive intervention when the children were named Plaintiffs and the intervenors claimed an interest in the case as long as the children were so named).

Proposed Intervenors argue that they have a right to intervene under *Brumfield*. 749 F.3d at 346. In that case the state of Louisiana and the parents sought intervention to uphold the state voucher program, but the parents argued that the state also wished to maintain its relationship with the federal government. *Id*. The court accepted this narrower interest and allowed the parents to intervene under Rule 24(a). *Id.* But this case is distinguishable from *Brumfield*, because while the *Brumfield* intervenors feared the influence of the federal government over the state, here, the federal government is the defendant and the Proposed Intervenors have not demonstrated any reason to think the federal government will not zealously defend its own laws.

Nor is the instant case analogous to *Texas*, where the district court found inadequate representation because the federal government had taken stances on DAPA that were directly adverse to the Jane Does seeking to intervene. *Texas*, 805 F.3d at 663. In *Texas*, the federal government took the position that the states could refuse to issue driver's licenses to deferred action recipients. *Id*. The Jane Does wished "to remain in their long-time home state of Texas, to retain custody of their U.S. citizen children, and to obtain work authorization, driver's licenses, and lawful employment so that they can provide for their families." *Id.* The two goals were contradictory to each other and provided the basis for intervention as a matter of right.

That is not the case here, where the Federal Defendants have shown themselves to be willing to defend the ICWA and its stated purposes. Proposed Intervenor has not shown that its goals and the goals of current parties are, in any way, opposed. Accordingly, Proposed Intervenor has not met its burden to show that it is inadequately represented, and therefore it is not entitled to intervene under Rule 24(a). *Cf. Brumfield*, 749 F.3d at 345 (stating the burden of showing inadequate representation rests with the putative intervenor).

Proposed Intervenor's motion comes after four other tribal nations successfully moved to intervene. *See* March 28, 2018 Order, ECF No. 45 (granting the Tribal Defendants motion to intervene). The most important factor in determining the adequacy of representation is how the intervenors' interest compares with the interests of existing parties. 7C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1909 (3d. ed. 1998). Proposed Intervenor has demonstrated that A.L.M. is enrolled in its tribal accounts, however, it does not dispute that the Cherokee Nation, who has successfully intervened, also has an interest in A.L.M. Navajo Br. 3, ECF No. 78. Proposed Intervenor has not demonstrated that the Cherokee Nation will not make certain arguments, or is opposed to the same outcome that Proposed Intervenor seeks. *See Arakaki v. Cayetano*, 324 F.3d 1078, 1087 (9th Cir. 2003) (denying a motion to intervene by a native Hawaiian group when another group of native Hawaiians already successfully intervened). For the above reasons, the Court **DENIES** the motion for intervention as a matter of right.

### B.     Permissive Intervention (Rule 24(b))

Proposed Intervenor alternatively moves for intervention under Rule 24(b), which permits the Court to use its discretion to grant intervention where the application is timely; there is a common question of law or fact; and there will be no undue delay or prejudice to the original parties. *Kneeland*, 806 F.2d at 1289; *In re Enron Corp.*, 229 F.R.D. at 131. The Fifth Circuit has also instructed that "[f]ederal courts should allow intervention where no one would be hurt and the greater justice could be obtained." *Texas*, 805 F.3d at 657 (citing *Sierra Club*, 18 F.2d at 1205). In acting on a request for permissive intervention, "it is proper to consider, among other things, "whether the intervenors' interests are adequately represented by other parties" and whether they "will significantly contribute to full development of the underlying factual issues in the suit.""

9

*New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 472 (5th Cir. 1984) (quoting *Spangler v. Pasadena City Bd. of Ed.,* 552 F.2d 1326, 1329 (9th Cir.1977)). Ultimately, permissive intervention "is wholly discretionary with the court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." 7C WRIGHT & MILLER, § 1913.

First, as discussed above, the timeliness of the motion is undisputed. *See supra* Part III.A (citing Pls.' Resp. Mot. Intervene 2–6, ECF No. 87). Second, it is clear that Proposed Intervenor has a claim or defense that shares with the main cause of action a common question of law—Proposed Intervenor claims an interest in the benefit from the ICWA. Navajo Br. 3, ECF No. 78.

However, when examining the final requirement under Rule 24(b)(3), the Court is not convinced that granting intervention here will not delay or prejudice the adjudication of the original parties' rights. FED. R. CIV. P. 24(b)(3). Proposed Intervenor does not intend to make additional arguments or contribute to the furtherance of the original suit, instead it proposes to submit a motion to dismiss under Rule 19, potentially prolonging the suit indeterminably. *See Citizens Against Casino Gambling in Erie County v. Hogen*, 704 F. Supp. 2d 269, 286 (W.D. N.Y. 2010) (denying permissive intervention because partial waiver of sovereign immunity prejudiced the existing parties); *cf. A.D.*, 2016 WL 5464582, at *7 (granting permissive intervention partly because the intervenors would be able to contribute to the understanding and adjudication of the case). Here, there is neither indication nor assertion beyond a naked possibility that current parties have been or will be in any way remiss or inadequate in defending the ICWA or Congress' statements when it enacted the ICWA. Neither has Proposed Intervenor shown how it would contribute to the cause of action in a meaningful way. *See Ingebretsen v. Jackson Public School*

*District*, 88 F.3d 274, 281 (5th Cir. 1996) (affirming a denial of permissive intervention because the district court found that the "Proposed Intervenors bring no new issues to the action.").

Because the Proposed Intervenor has not overcome the presumption of adequate representation, has not shown that it will not prejudice existing parties, and has not shown that it will contribute to the development of the underlying factual issues, the Court in its broad discretion **DENIES** the motion for permissive intervention.

### IV.     CONCLUSION

For the foregoing reasons, the Court finds that Proposed Intervenor's Motion to Intervene (ECF No. 77) should be and is hereby **DENIED**.

**SO ORDERED** on this **1st day** of **June, 2018**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**