IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CHAD EVERET BRACKEEN, JENNIFER KAY BRACKEEN, FRANK NICHOLAS LIBRETTI, HEATHER LYNN LIBRETTI, ALTAGRACIA SOCORRO HERNANDEZ, JASON CLIFFORD, and DANIELLE CLIFFORD, <br><br> and <br><br> STATE OF TEXAS, STATE OF LOUISIANA, and STATE OF INDIANA, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES OF AMERICA; RYAN ZINKE, in his official capacity as Secretary of the United States Department of the Interior; BRYAN RICE, in his official capacity as Director of the Bureau of Indian Affairs; JOHN TAHSUDA III, in his official capacity as Acting Assistant Secretary for Indian Affairs; the BUREAU OF INDIAN AFFAIRS; the UNITED STATES DEPARTMENT OF THE INTERIOR; ALEX AZAR, in his official capacity as Secretary of the United States Department of Health and Human Services; and the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> *Defendants*, <br><br> CHEROKEE NATION, et al., <br><br> *Intervenor-Defendants*. | Civil Action No. 4:17-cv-868-O |

**MEMORANDUM IN SUPPORT OF INDIVIDUAL PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO SUPPLEMENT THE RECORD**

Plaintiffs Chad and Jennifer Brackeen, Frank and Heather Libretti, Altagracia Hernandez, and Jason and Danielle Clifford (together, the "Individual Plaintiffs") hereby submit this Memorandum in Support of their Opposed Motion for Leave to Supplement the Record.

1.     Plaintiffs Chad and Jennifer Brackeen are the adoptive parents of A.L.M. It recently came to the Brackeens' attention that, earlier this year, A.L.M.'s biological mother gave birth to a baby girl, and that girl—A.L.M.'s sister—has been placed in a foster home under the supervision of the Texas Department of Family Protective Services ("Texas DFPS"). After carefully considering the matter, the Brackeens came to the decision to contact Texas DFPS to request that A.L.M.'s baby sister be placed with them on a foster or pre-adoptive basis, in order to unite the siblings in one family.

2.     As this Court recognized in its Order on July 24, 2018, under the Indian Child Welfare Act ("ICWA"), the Brackeens' adoption of A.L.M. is exposed to a two-year collateral attack period—eighteen months longer than under Texas law—and that differential treatment and looming threat to the integrity of their family is an injury sufficient to create Article III standing. *See* Dkt. 155 at 25–29 & n.6. This Court also noted that the Brackeens claimed injury from the fact that they were considering providing foster or adoptive homes to other children in need, but were reluctant to do so in view of the obstacles that ICWA might pose to such placements. *Id*. at 13.

3.     Once the Brackeens came to the decision to ask Texas DFPS to place A.L.M.'s baby sister with them on a foster or pre-adoptive basis, in order to unite the siblings in one family, Matthew D. McGill wrote a letter to Trevor Woodruff, Deputy Commissioner of the Texas DFPS, and Audrey Carmical, the General Counsel for the Texas DFPS, on September 10, 2018 to notify Texas DFPS that the Brackeens desired to make themselves available as either a foster home or an adoptive home for A.L.M.'s sister, and to request that they be considered for foster or pre-adoptive placement, noting the federal-law and state-law preference that siblings be placed together. Dkt. 170, Exhibit A.

4.  Mr. Woodruff responded via letter on September 20, 2018 on behalf of DFPS. Dkt. 170, Exhibit B. Mr. Woodruff stated that if DFPS could not find a biological parent or relative, then "DFPS would certainly look to pursue placement of [A.L.M.'s] sister in the Brackeen home." *Id*. However, Mr. Woodruff also stated that any potential placement of A.L.M.'s baby sister with the Brackeens "would of course be subject to any requirements of the Indian Child Welfare Act, which as you know remains in effect." *Id*.

5.  On October 10, 2018, Matthew D. McGill responded to Mr. Woodruff's letter to reiterate that the Brackeens remain hopeful that A.L.M. and his sister can be brought together in their home. Dkt. 170, Exhibit C. He also noted this Court's October 4, 2018 Order and Final Judgment, which declared all relevant provisions of the Indian Child Welfare Act to be unconstitutional and set aside the legislative regulations issued by the Department of the Interior with respect to ICWA in 2016, and requested that Texas DFPS place A.L.M.'s sister in accordance with Texas law. *Id*.

6.  "Courts are permitted 'wide discretion' in exercising their powers over the presentation of evidence," which includes motions for leave to supplement the record. *Perez v. Abbott*, 250 F. Supp. 3d 123, 199 (W.D. Tex. 2017) (quoting *In re Perry*, 345 F.3d 303, 309–10 (5th Cir. 2003)). Courts should weigh "the importance and probative value of the evidence, the reason for the moving party's failure to introduce the evidence earlier, and the possibility of prejudice to the non-moving party." *Aransas Project v. Shaw*, 775 F.3d 641, 655 (5th Cir. 2014) (discussing motion to reopen evidence after trial).

7.  A plaintiff in litigation must maintain Article III standing for the duration of the proceedings, including any appeals. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Moreover, a court must satisfy itself of a plaintiff's Article III standing even if it is not disputed

by a defendant. *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934). In a motion filed today, Defendant-Intervenors stated that they "intend to appeal" this Court's judgment in this case. Br. In Supp. Of Mot. To Stay Pending Appeal, Dkt. 169, at 1. The Brackeens thus will need to demonstrate their Article III standing for the duration of this and any other appeal of this Court's judgment. New evidence can be "critical" to the resolution of a case where subject matter jurisdiction is in question. *Rivera-Flores v. Puerto Rico Tel. Co.*, 64 F.3d 742, 746 (1st Cir. 1995).

8. The exchange of letters Individual Plaintiffs seek to add to this court's record are important and probative of a significant issue—Article III standing—that necessarily must be addressed in the forthcoming appeals. Individual Plaintiffs respectfully submit that making these letters part of the record on appeal will aid the Court of Appeals as it assesses its own subject matter jurisdiction. The letters demonstrate that, wholly apart from the injuries that Section 1913(d) of ICWA and related regulations impose on the Brackeens by exposing their adoption of A.L.M to an enlarged period of collateral attack, ICWA and the 2016 regulations (if they are reinstated) could be applied to delay or frustrate entirely the Brackeens' desire to provide a home for A.L.M.'s baby sister and to unite the two siblings in their home. These developments plainly are relevant to the Brackeens' continuing Article III standing to maintain suit, and that significant probative value on a question of subject matter jurisdiction ordinarily warrants supplementation of the record. *See Perez*, 250 F. Supp. 3d at 200.

9. Furthermore, this evidence could not have been introduced earlier because the Brackeens only recently requested that A.L.M.'s baby sister be placed with them, and not until September 20 did Texas DFPS state that it would consider the Brackeens as a placement for A.L.M's sister, subject to ICWA's requirements. *See Aransas Project*, 775 F.3d at 655 ("the fact

4

that the evidence could not be submitted earlier" "weighs in favor" of allowing supplemental evidence).

10.   Finally, no party will be prejudiced by including the aforementioned exchange of letters in the record on appeal.  State Plaintiffs consent to this motion.  Defendants and Defendant-Intervenors, who oppose the relief sought by this motion, remain free to argue in the Court of Appeals that the letters are factually or legally insufficient to demonstrate Article III standing to maintain a challenge to ICWA and the 2016 regulations.  Defendants and Defendant-Intervenors, however, do not have any entitlement to exclude this important and probative information from an appellate court's consideration, particularly where it bears upon its "virtually unflagging obligation" to exercise its subject matter jurisdiction where it exists.  *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813 (1976).

## CONCLUSION

For the foregoing reasons, Individual Plaintiffs respectfully request leave to supplement the record by filing the attached Exhibits with the Court.

Dated: October 10, 2018

Respectfully submitted,

/s/ *Matthew D. McGill*
Matthew D. McGill (*pro hac vice*)
Lochlan F. Shelfer (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 887-3680
mmcgill@gibsondunn.com
lshelfer@gibsondunn.com
dcasazza@gibsondunn.com

Scott K. Hvidt
Texas Bar No. 24097864
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Ave., Suite 1100
Dallas, TX 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2976
rricketts@gibsondunn.com

*Attorneys for Individual Plaintiffs*

Mark Fiddler
FIDDLER LAW OFFICE, P.A.
6800 France Ave. So., Suite 190
Minneapolis, MN 55435
mark@fiddler-law.com
Telephone: (612) 822-4095
Facsimile: (612) 822-4096

*Attorney for Frank and Heather Libretti, and Jason and Danielle Clifford*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 10, 2018, I filed the foregoing document using the Court's ECF system.  Service on all counsel of record for all parties was accomplished electronically using the Court's CM/ECF system.

/s/ *Matthew D. McGill*
Matthew D. McGill
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036