IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CHAD BRACKEEN, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | |
| § | |
| RYAN ZINKE, et al., § | Civil Action No. 4:17-cv-00868-O |
| § | |
| Defendants, § | |
| § | |
| CHEROKEE NATION, et al., § | |
| § | |
| Intervenors-Defendants. § | |

## ORDER

Before the Court are Defendant Cherokee Nation's ("Defendant") Motion to Stay Pending Appeal (ECF No. 168), filed October 10, 2018; Plaintiffs' Joint Response (ECF No. 176),[1] filed October 15, 2018; and Defendant Cherokee Nation's Reply (ECF No. 178), filed October 17, 2018.[2] Having considered the motion, the briefing, and the applicable law, the Court finds that the motion should be and is hereby **DENIED**.[3]

---

[1] Plaintiffs include Plaintiffs Brackeen, Libretti, Clifford, and Hernandez (collectively, "Individual Plaintiffs") as well as Plaintiffs Texas, Louisiana, and Indiana (collectively, "State Plaintiffs").

[2] Also before the Court are Individual Plaintiff's Motion for Leave to File to Supplement the Record (ECF No. 170), filed October 10, 2018; Defendants' Responses (ECF No. 174, 175), filed October 15, 2018; Individual Plaintiffs' Reply (ECF No. 179), filed October 17, 2018; and Defendant's Unopposed Motion for Leave to File Supplemental Authority (ECF No. 180), filed October 19, 2018.

[3] The Court finds that Individual Plaintiffs' Motion for Leave to File to Supplement the Record (ECF No. 170) should be and is hereby **GRANTED** because the supplementary documents are relevant to subject matter jurisdiction, are not prejudicial to another party, and Plaintiffs already met the challenge to their standing at the time of judgment, and must maintain standing throughout appeal. *See Thomas More Law Ctr. v. Obama*, 651 F.3d 529, 536 (6th Cir. 2011), *abrogated on other grounds by Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519 (2012); *cf. Summers v. Earth Island Institute*, 555 U.S. 488, 495 n.*(2009) (In which the Supreme Court explained that when a party *settles a lawsuit*, the party cannot retain standing to continue the challenge in that action by supplementing the record after judgment).

The Court also finds that Defendant's Unopposed Motion for Leave to File Supplemental Authority (ECF No. 180) should be and is hereby **GRANTED**.

1

**I.       BACKGROUND**

Individual Plaintiffs are biological, foster, and adoptive parents of three children covered by the Indian Child Welfare Act (the "ICWA").[4] The children are subject to unique, federal, child-custody standards because they are defined as "Indian Children" under the ICWA. Those federal standards command state courts to look beyond state child-custody law—including the traditional "best interest of the child" standard—to prioritize factors outside of the individual interests of any one child. The Individual Plaintiffs filed suit because the ICWA standards resulted in government officials forcibly removing, or threatening to remove, the children from their foster homes. The Individual Plaintiffs also sought recourse because finalized adoptions are subject to collateral attack for two years under the statute, longer than would be permitted for non-Indian children. The Court found Plaintiffs were entitled to relief because the challenged portions of both the ICWA and the federal regulations enforcing the act are unconstitutional. *See* Order, ECF No. 166; Final J., ECF No. 167. On October 10, 2018, Defendant Cherokee Nation filed a motion seeking to stay the ruling pending appeal. *See* ECF No. 168. Plaintiffs oppose the motion.

**II.      LEGAL STANDARD**

"The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the Court's] discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). To determine whether to grant a stay pending appeal courts consider four factors: "(1) whether the stay applicant has made a strong showing that he [or she] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Campaign for S. Equality v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014) (quoting *Veasey v. Perry*,

---

[4] These facts are taken from the Court's Order on Summary Judgment. *See* Order, ECF No. 166.

769 F.3d 890, 892 (5th Cir. 2014)). But when "evaluating these factors, this court has refused to apply them 'in a rigid…[or] mechanical fashion.'" *Id*. (quoting *United States v. Baylor Univ. Med. Ctr*., 711 F.2d 38, 39 (5th Cir. 1983)).

## III. ANALYSIS

Granting or denying a stay requires courts to exercise discretion, balancing the four factors set out above. *Nken*, 556 U.S. at 433-34. A court must thoughtfully consider these factors because "'a stay is an intrusion into the ordinary processes of administration and judicial review' and a party is not entitled to a stay as a matter of right." *Bryant*, 773 F.3d at 57 (quoting *Nken*, 556 U.S. at 427).

Defendants argue this case requires looking beyond the traditional four factors and consulting an alternative standard which requires that a "movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Bryant*, 773 F.3d at 57; *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981); *see also Baylor Univ. Med. Ctr*., 711 F. 2d at 39. But *Ruiz* explained that "if the balance of equities (i.e. consideration of the other three factors) is not *heavily tilted* in the movant's favor, the movant must then make a more substantial showing of likelihood of success on the merits in order to obtain a stay pending appeal."[5] *Ruiz*, 650 F.2d at 565 (emphasis

---

[5] The *Bryant* opinion focused solely on the first *Ruiz* consideration, which indicates the panel determined the balance of equities weighed heavily in favor of the movant. *Cf. U.S. v. Transocean Deepwater Drilling, Inc*., 537 F. App'x. 358, 365 (5th Cir. 2013) (Concluding that "Even assuming Transocean has made out a 'substantial case' with respect to a serious legal question" a stay was not warranted because movant had "not established that 'the balance of the equities weighs heavily in favor of granting the stay," and thus failed to satisfy the *Ruiz* standard); *Weingarten Realty Investors v. Miller*, 661 F.3d 904, 910 (5th Cir. 2011) ("the four-factor test…must be fully applied except where there is a serious legal question involved *and the balance of equities heavily favors a stay*; in those situations, the movant only needs to present a substantial case on the merits" (emphasis added)).

added). Here, the balance of equities is not tilted in the movant's favor because Defendants have not demonstrated that any of the traditional factors justify a stay.

    **A.    Likelihood of Success on the Merits**

Defendants argue that the judgment in this case is likely to be reversed on appeal. Tribal Def's Br. Supp. Mot. Stay 4, ECF No. 169 ("Def's. Br."). Defendants also argue that Acts of Congress carry a presumption of constitutionality, which weighs in favor of a stay here. *Id.* Plaintiffs respond that Defendants fail to make a strong showing that they are likely to succeed on appeal and that the Court is not required to presume the constitutionality of a law it found unconstitutional. Pls.' Resp. Obj. 3, ECF No. 176 ("Pls.' Br.").

In *Nken*, the Supreme Court held, "It is not enough that the chance of success on the merits be 'better than negligible.'" *Nken*, 556 U.S. at 434 (quoting *Sofinet v. INS*, 188 F.3d 703, 707 (7th Cir. 1999) (internal quotation marks omitted)). And "[m]ore than a mere 'possibility' of relief is required." *Id.* It is true that the Court "must indulge a presumption of constitutionality and carefully examine a statute before finding it unconstitutional." *United States v. Anderton*, 901 F.3d 278, 283 (5th Cir. 2018); *Skilling v. United States*, 561 U.S. 358, 405–06 (2010). But the presumption of constitutionality does not continue *following* a final judgment. In support of their motion to stay, Defendants largely repeat arguments made at the summary judgment stage. The Court already considered the presumption of constitutionality while evaluating the parties' arguments. For these reasons, Defendants have not demonstrated a substantial likelihood of success on appeal. *See* Order, ECF No. 166.

    **B.    Irreparable Injury to Applicant**

Defendants argue they will suffer irreparable injury absent a stay because tribes "may lose their statutory rights in state-court proceedings involving Indian children in Texas, Louisiana, and

Indiana." Def's. Br. 9, ECF No. 169. Defendants also argue the ICWA remains a necessary statute and that if they prevail on appeal, state-court decisions made in the interim may be irreversible. *Id.* at 10–11. Plaintiffs respond that Defendants fail to point to a specific irreparable injury they will suffer without a stay. Pls.' Br. 9, ECF No. 176.

In *Nken*, the Supreme Court ruled "simply showing some 'possibility of irreparable injury,'" failed to weigh in favor of a stay because that "standard is too lenient." *Nken*, 556 U.S. at 434–35. Here, Defendants have shown no more than "some possibility" of irreparable injury because Defendants have not pointed to any actual injury they will suffer. Defendants argue that if the ICWA is no longer in effect, they will be deprived of rights granted to them by the ICWA. But that reasoning is circular and fails to explain *how* being deprived of the ICWA results in irreparable injury to tribes. More importantly, Defendants cannot claim injury from deprivation of rights originally provided by an unconstitutional statute. Accordingly, Defendants have not demonstrated they will suffer irreparable injury in the absence of a stay nor met their burden of showing this factor justifies an exercise of the Court's discretion.

C. **Substantial Injury to the Other Party**

Defendants also argue a stay will not substantially injure the Plaintiffs in this case. Def's. Br. 12, ECF No. 169. Defendants contend the State Plaintiffs already enforce the ICWA and a stay would merely preserve the status quo. *Id.* Defendants further argue that any harm to the Individual Plaintiffs is based on speculative injury or is inapplicable because the Librettis and Cliffords live in states not affected by this Court's ruling. *Id.* at 12–13. Plaintiffs respond that if the Court's ruling is stayed, the Final Rule will apply to the Libretti's petition to adopt Baby O., as well as the Clifford's contested adoption proceeding concerning Child P. Pls.' Br 12, ECF No. 176. Plaintiffs also argue that if the Court grants a stay, the Brackeen's adoption of Baby A.L.M. will continue to

be subject to collateral attack for the next fourteen months. *Id*. at 11. Finally, Plaintiffs argue that the State Plaintiffs will suffer irreparable constitutional injury if the Court's ruling is stayed because the ICWA will continue to commandeer states in violation of the Tenth Amendment. *Id*. at 13.

Here, Defendants fail to show why Plaintiffs' alleged injuries do not weigh against granting a stay. Instead, Defendants argue that "the Tribes demonstrate why no Plaintiff would suffer any irreparable harm during a stay" and "Plaintiffs failed to demonstrate why this is wrong." Def's. Reply 7, ECF No. 178. Yet, substantial injury, not irreparable harm, is the relevant standard for this factor. Further, Defendants do not dispute Plaintiffs' argument that the "Brackeens will continue to face the threat of collateral attack under 25 U.S.C. § 1913(d)." Pls.' Br. 11, ECF No. 176. Rather, Defendants simply contend that any collateral attack is speculative because no person currently seeks to set aside Baby A.LM.'s adoption, without addressing *why* Plaintiffs' argument that their child's adoption remains subject to collateral attack—essentially unfinalized—for an additional fourteen months should not weigh against taking the extraordinary step of granting a stay. Considering the burden is on Defendants to show why a stay is justified, and Defendants have not disproven Plaintiffs' claim of substantial injury, this factor weighs in favor of Plaintiffs and against granting a stay.

### D.     Public Interest

Defendants also argue the public interest supports a stay because failure to enforce the ICWA risks harm to Indian children, families, tribes, and communities. Def's. Br. 13, ECF No. 169. Plaintiffs argue the public interest supports denying a stay because the Court's ruling protects the public from an unlawful federal statute and agency rule, and the public interest favors protecting constitutional rights. Pls.' Br. 14, ECF No. 176. Defendants have not shown how the

failure to enforce the ICWA will harm the public. Rather, Defendants simply conclude that not granting a stay will result in harm. Accordingly, Defendants have not met their burden of showing that the public interest justifies an exercise of the Court's discretion to grant a stay.

## IV. CONCLUSION

Based on the foregoing, the Court finds that Defendants have not met their burden of showing that the circumstances justify an exercise of the Court's discretion to grant a stay. Accordingly, the Court finds that Defendant's Motion to Stay Pending Appeal (ECF No. 168) should be and is hereby **DENIED**.

**SO ORDERED** on this **29th day** of **October, 2018**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE